UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


LEO F. WAGNER, JR. AND VIRGINIA S. WAGNER                                PLAINTIFFS

V.                                                          CIVIL ACTION NO. 1:07cv969-LTS-MTP

METROPOLITAN PROPERTY AND CASUALTY                                       DEFENDANTS
INSURANCE COMPANY; ECONOMY PREMIER
ASSURANCE COMPANY; RIMKUS CONSULTING GROUP,
INC.; JAMES R. KREIMBORG; AND TONY R. CLARK, P.E.

**ORDER**

The Court has previously observed that "[t]his case is a lesson in what happens when a case's management is left to the parties' devices." Docket entry [139]. This did not seem to deter the parties, for the current status of the case is that Plaintiffs filed a [140] Notice of Appeal of a [132] Magistrate's order, despite the fact that objections to that order were never filed as required by Fed. R. Civ. P. 72(a). In light of this latter circumstance, Rule 72 declares that "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." So much for the Court being frustrated by delays and confusion [139].

One thing is certain: no matter whether the interlocutory appeal is proper, proceedings in this cause of action have not been stayed. 28 U.S.C. § 1292(b). There are several pending motions, and this order addresses the following: [86] Plaintiffs' Motion *in Limine* (filed nine months prior to trial); [90] Plaintiffs' Motion for Partial Summary Judgment on the issue of negligence *per se* as to Defendants Rimkus Consulting Group, Inc. (Rimkus) and James R. Kreimborg (Kreimborg); the [102] motion by Rimkus and Kreimborg to strike [90] Plaintiffs' motion for partial summary judgment (these Defendants also served a separate [103] response to the motion to strike); and the Defendants Metropolitan Property and Casualty Insurance Company's (Metropolitan) and Economy Premier Assurance Company's (Economy Premier) [110] Motion to Change Venue. The Court reserves for a separate order the insurance companies' [107] Motion for Judicial Estoppel and [115] Motion for Partial Summary Judgment.

I.

Disposition of the [110] Motion to Change Venue is the easiest and will be addressed first. In *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008), the appellate court held

> that the district court [the undersigned was the trial judge] did not abuse its discretion when it denied State Farm's motion for change of venue,

>notwithstanding the intensive pretrial publicity concerning Hurricane Katrina-related insurance claims . . . . The district court's decision not to grant a change of venue was consistent with the change-of-venue statute, and it adequately weighed the factors set out in 28 U.S.C. § 1404.

523 F.3d at 631-32 (citation omitted).

Almost every one of the voluminous exhibits offered by Metropolitan and Economy Premier predate the *Broussard* trial (indeed, State Farm submitted one of the documents, a survey, in *Broussard*), and *Broussard* was decided on appeal shortly before Defendants' current motion was filed (Plaintiffs' [124] response and [125] memorandum, to which these Defendants did not reply, cite the Fifth Circuit's decision in *Broussard* on this issue).  This Court has gone to great lengths to ensure fair trials for all parties in Hurricane Katrina litigation, and will continue to do so.  In the past year and a half, that process has proved more than adequate.  As in other cases before this Court, changing venue is not warranted under 28 U.S.C. § 1404.

II.

Plaintiffs' [86] Motion *in Limine* is aimed at excluding evidence, testimony, or argument relating to the fact that the professional engineer and/or professional land surveyor license of their expert, Ted Biddy, was in a state of lapse from December 31, 1989 through May 26, 2006.  They point out that he was not retained until September, 2006–when his license was current–for the instant litigation.  They contend that the lapsed status is irrelevant and highly prejudicial.

Most of Rimkus's and Kreimborg's [99] response deals with the fact that Plaintiffs premise part of their cause of action on Kreimborg's performance of engineering work at a time when his Mississippi engineering license had lapsed, and thus it is only fair that Biddy be exposed for the same conduct at some point in his career (even though not at the time his report was issued in this case).  The Court will discuss this particular matter in more detail in the next section as it relates specifically to Kreimborg.

The only authority cited in the present context are Rules 401 (definition of relevant evidence), 402 (admissibility of relevant and inadmissibility of irrelevant evidence), and 403 (exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time) of the Federal Rules of Evidence.  There is merit to Rimkus's and Kreimborg's finger pointing (i.e., if they can say I did it, I should be able to say theirs did it, too).  It cannot be said that Biddy's lapsed licence is irrelevant to the issues raised by the Plaintiffs' claim, especially when they have filed a [90] motion for partial summary judgment on that very ground with respect to Kreimborg's lapsed license.

Rimkus and Kreimborg further argue that although Biddy's license may have been in good standing at the time he issued the report on the Plaintiffs' loss, he may have performed inspections and issued reports on Katrina losses when in essence he was unlicensed.  This area is open for inquiry, and it is not unduly prejudicial for it to be explored at the appropriate stage(s) of his examination.  Plaintiffs' [86] motion *in limine* is not well taken.

III.

Plaintiffs' [90] Motion for Partial Summary Judgment is also connected to the licensing issue, except that it deals with the fact that not only was Kreimborg not licensed when he issued his report respecting Plaintiffs' Hurricane Katrina loss, but that he had been found guilty of practicing engineering on an expired license, and received a fine and reprimand for this conduct from the Mississippi Board of Licensure for Professional Engineers and Surveyors.  As part of this punishment, the Board ordered that reports prepared and signed by Kreimborg during the period of his lapsed licence be compiled and issued by an engineer licensed to practice in Mississippi at the time Kreimborg's work was done.  Soon after this administrative decision, Rimkus was also fined and reprimanded.   Plaintiffs contend that they are entitled to partial summary judgment on the issue of negligence *per se* against both Rimkus and Kreimborg.

In their [99] response to Plaintiffs' [86] Motion *in Limine*, "Rimkus and Kreimborg do not dispute that the placement of . . . Kreimborg's expired engineering seal did violate the rules governing the practice of engineering in the State of Mississippi."  On the other hand, and in the same document, they "maintain that the report that was originally prepared by . . . Kreimborg while his license was lapsed is not per se invalid for the purposes required by Metropolitan.  It is the position of the Defendants that the report is accurate and appropriate, and capable of being relied on by Metropolitan."  In addition, they allege that Plaintiffs' request for partial summary judgment should be stricken as it is based on a cause of action not pled by Plaintiffs.

The initial field inspection of Plaintiffs' damage was conducted by Douglas R. Hively, who issued an evaluation leading to findings in a report that was signed by Hively and Kreimborg, the latter serving as engineer.  It is presumed that Kreimborg had not viewed the Plaintiffs' property at the time of his signature on the evaluation report, nor had the Rimkus engineer who later placed his signature at the behest of the state licensing board.

This Court on several occasions has considered the liability of engineering firms/engineers arising from the investigation on behalf of insurance companies of Hurricane Katrina losses.  It is especially interesting that Rimkus and Kreimborg do not cite any of these numerous decisions in which Rimkus was a defendant.  Suffice it to say that the Court has used the standard applicable to adjusters; therefore, it is not enough to establish simple negligence, but those acting in the capacity of an adjuster or administrative agent on an insurance claim "can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. California Life Insurance Co.*, 581 So. 2d 1087, 1090 (Miss. 1991).

Although Plaintiffs can not base a recovery against Rimkus and Kreimborg for simple negligence, the fact that Kreimborg stamped his seal on a report at a time when his license was not in force is one fact that may be considered–along with all other conduct associated with the investigation of the claim and the signing of the report–in determining whether his and Rimkus's conduct constitute gross negligence, malice, or reckless disregard for Plaintiffs' rights.  Plaintiffs' request for partial summary judgment will not be granted; neither will it be stricken.  The Court notes Rimkus's and Kreimborg's [105] Notice of Objections to Plaintiffs' Summary Judgment Evidence, which appears more appropriate for a pretrial motion *in limine* and when

attempts to admit evidence are made at trial.

Accordingly, **IT IS ORDERED:**

The [110] Motion to Change Venue is **DENIED**;

The [86] Motion *in Limine* is **DENIED**;

The [90] Motion for Partial Summary Judgment on the issue of negligence *per se* is **DENIED**, and the [102] Motion to Strike the [90] Motion for Partial Summary Judgment is **MOOT**;

**SO ORDERED** this the 30th day of July, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE